United States District Court
Southern District of Texas
**ENTERED**
May 19, 2021
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| QUINTIN PHILLIPPE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 21-CV-1641 |
| | § | |
| DAVID GUTIERREZ, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The State of Texas plans to execute Quintin Phillippe Jones by lethal injection tonight, May 19, 2021. A Texas jury convicted Jones of capital murder in 2001. After a separate punishment hearing, he was sentenced to death. Jones has challenged his capital conviction and death sentence in both federal and state court. On Jones' petition, the Texas Board of Pardons and Paroles ("the Board") voted against recommending commutation of his sentence yesterday, May 18, 2021.

Early this morning, Jones filed this lawsuit pursuant to 42 U.S.C. § 1983 suing members of the Board in their official capacity. The core of Jones' complaint argues that "[t]he process by which the Texas Board of Pardons and Paroles (the 'Board') failed to recommend to the Governor to commute Mr. Jones's death sentence raises the strong presumption that its decision was tainted by racial discrimination." (Dkt. No. 1 at 2). Jones has also filed a motion to stay his execution, (Dkt. No. 3), a motion to proceed *in forma pauperis*, (Dkt. No. 2), and a motion to expedite consideration of his case (Dkt. No. 5).

The defendants have filed an opposition to staying Jones' execution. (Dkt. No. 7). The Court will deny Jones' motion for a stay and dismiss this case for the reasons discussed below.

**I.     Jones' Challenge to his Clemency Proceedings**

A Texas jury convicted Jones of capital murder in 2001 for killing his aunt. The facts of Jones' crime are not relevant to the matters now before the Court.[1] After the conclusion of his state and federal challenges, Texas set an execution date.

On April 21, 2021 Jones filed an application for clemency. The Supreme Court has recognized that "'[c]lemency is deeply rooted in our Anglo-American tradition of law, and is the historic remedy for preventing miscarriages of justice where judicial process has been exhausted.'" *Harbison v. Bell*, 556 U.S. 180, 192 (2009) (quoting *Herrera v. Collins*, 506 U.S. 390, 411-12 (1993) (footnote omitted)). The Governor of Texas, based on a recommendation of the Board, may grant clemency. TEX. CONST., Art. IV, § 11; TEX. CODE CRIM. PRO. art. 48.01. Under Texas procedure, an inmate facing execution may file a written application for a "reprieve from execution" or "commutation of death sentence to a sentence of life imprisonment . . . not later than the twenty-first calendar day before the execution is scheduled." 37 TEX. ADMIN. CODE § 143.43(a), 143.57(b). The Board then makes a non-binding recommendation to the Governor. The State of Texas Constitution grants to the Governor the sole power of granting clemency. TEX. CONST., Art. IV, § 11.

---

[1] A succinct summary of Jones' crime is found at *Jones v. State*, 119 S.W.3d 766, 771 (Tex. Crim. App. 2003).

In arguing for clemency, Jones' petition drew comparison to Texas Governor Greg Abbott's decision to commute Thomas Whitaker's execution in 2018.[2] Jones asked the Board to recommend commutation of his sentence because, like Whitaker, members of the victim's family supported commutation and he had matured in prison. (Dkt. No. 1, Ex. B).

On May 18, 2021, the Board voted to deny Jones' petition for clemency. (Dkt. No. 1, Ex. A). All seven members of the Board voted not to recommend commutation. As is customary, the Board did not provide any reasoning behind its denial. The voting sheets used by each Board member, however, attest: "I did not give prejudicial consideration to the race, color, sex, religion, national origin or political affiliation of the applicant or the victim." (Doc. No. 7, Exhibit 2).

Jones filed the instant lawsuit claiming that the Board's vote in his case violated his rights under the equal protection clause by considering his race. Jones' complaint does not provide direct evidence that the Board considered his race in refusing to recommend that the Governor grant clemency. Instead, Jones, who is African American, bases his racial discrimination claim on a comparison to the Board's vote to grant clemency to Whitaker, who is white. In both cases, the men killed family members. As their executions approached, family members supported each man's bid for clemency. The Board granted clemency to Whitaker, but not Jones. Jones argues that allowing his execution to proceed after that equal protection violation would violate the Eighth and Fourteenth Amendments.

---

[2] Governor Abbott Commutes Death Sentence Of Thomas Bartlett Whitaker, Available at https://gov.texas.gov/news/post/governor-abbott-commutes-death-sentence-of-thomas-bartlett-whitaker (last accessed May 19, 2021); *see also* Proclamation by the Governor of Texas, Available at https://gov.texas.gov/uploads/files/press/Governor_Abbott_Commutes_Sentence_Of_Thomas_Whitaker_0 2222018.pdf (last accessed May 19, 2021); *see also Whitaker v. Davis*, 853 F.3d 253, 255 (5th Cir. 2017).

## II.     Stay of Execution

Given the short time remaining before Jones' execution, this lawsuit cannot proceed unless the Court issues a stay. A federal court has inherent discretion when deciding whether to stay an execution. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); 28 U.S.C. § 2251(a)(1). "[A] stay of execution is an equitable remedy, and an inmate is not entitled to a stay of execution as a matter of course." *Hill v. McDonough*, 547 U.S. 573, 583-84 (2006). In deciding whether to issue a stay of execution, a court must consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other party interested in the proceeding; and (4) where the public interest lies. *See Nken*, 556 U.S. at 425-26.[3] An inmate is not entitled to a stay "[as] a matter of right, even if irreparable injury might otherwise result to the appellant." *Id*. at 427 (internal quotation marks omitted). The Court finds that Jones fails to satisfy the *Nken* test, and most particularly its first prong.

No constitutional entitlement to clemency exists. *See Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981) ("[A]n inmate has 'no constitutional or inherent right' to commutation of his sentence." (quoting *Greenholtz v. Inmates of Neb. Penal & Corr.*

---

[3] Jones proposes that the Court use a standard other than the *Nken* test and argues that "under these unusual and limited circumstances, courts should not be limited by the stringent 'substantial likelihood of success on the merits' standard." (Dkt. No. 3 at 7). Jones does not provide any Fifth Circuit or Supreme Court authority that would support this change in the law. Curiously, though, Jones asks to "adopt a standard akin to an administrative stay or a temporary restraining order." (Dkt. No. 3 at 7). A stay of execution, however, is considered under the same standard as a preliminary injunction. *See Sells v. Livingston*, 561 F. App'x 342, 343 (5th Cir. 2014). "The standard for issuing a [temporary restraining order] is the same as the standard for issuing a preliminary injunction." *Texas v. United State*s, —— F. Supp. 3d ——, No. 6:21-cv-3, 2021 WL 247877, at *1 (S.D. Tex. Jan. 26, 2021) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)); *see also In re Abbott*, 809 F. App'x 200, 201 (5th Cir. 2020) (applying the *Nken* factors in a TRO analysis).

*Complex*, 442 U.S. 1, 7 (1979)); *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280-82 (1998) (applying *Dumschat*'s reasoning to a death row inmate's petition for clemency). This Court cannot decide whether the Board should have granted clemency to Jones. The judiciary has a "narrow role in the uniquely executive task of considering clemency[.]" *Tamayo v. Perry*, 553 F. App'x 395, 402 (5th Cir. 2014). "[C]lemency [is] a prerogative granted to executive authorities . . . . It is not for the Judicial Branch to determine the standards for this discretion." *Cavazos v. Smith*, 565 U.S. 1, 9 (2011). "If the clemency power is exercised in either too generous or too stingy a way, that calls for political correctives, not judicial intervention." *Id*. Clemency officials typically have "complete discretion" to commute a defendant's sentence based on "a wide range of factors not comprehended by earlier judicial proceedings and sentencing determinations." *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 278 (1998). A federal court may only decide whether the Board complied with constitutional requirements when considering an inmate's clemency petition.

The Fifth Circuit has held that Texas' clemency procedure generally complies with due process requirements. *See Faulder v. Texas Board of Pardons and Paroles*, 178 F.3d 343, 344-45 (5th Cir. 1999). The concern in this case, however, is whether the Board violated the equal protection clause by deciding Jones' clemency petition based on his race. "Our law punishes people for what they do, not who they are. Dispensing punishment on the basis of an immutable characteristic flatly contravenes this guiding principle." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017). At least one member of the Supreme Court has suggested that considering race in the clemency process would offend the equal protection clause. *See Woodard*, 523 U.S. at 292 (Stevens, J., concurring in part and dissenting in

5

part) ("[O]ne would contend that a Governor could ignore the commands of the Equal Protection Clause and use race, religion, or political affiliation as a standard for granting or denying clemency"). The Fifth Circuit has acknowledged at least the theoretical validity of an equal protection claim against a parole board for the discriminatory exercise of its discretion. *See Irving v. Thigpen*, 732 F.2d 1215, 1217–18 (5th Cir. 1984).

The Fifth Circuit has considered a similar challenge to the denial of clemency based on a comparison to the *Whitaker* case. In *Young v. Gutierrez*, 895 F.3d 829, 831-32 (5th Cir. 2018), an inmate brought a last-minute lawsuit challenging the clemency process which alleged that no difference aside from race explained why the Board would grant clemency to Whitaker, but not him. The Fifth Circuit affirmed the denial of a stay and the dismissal of Young's lawsuit as follows:

> [T]he only evidence he presents in support of [Young's] equal protection claim is a comparison to one white prisoner whose capital sentence was recently commuted in clemency proceedings. Considering that the state has previously commuted the capital sentences of other African American males, that Young and the white comparator have differing criminal histories, that clemency decisions are predicated on "purely subjective evaluations and predictions on future behavior," and that each Board member's signed vote swore that race was not a consideration, Young has not made a strong showing that if we were to temporarily stay the execution and allow discovery, he would find evidence of discrimination.

*Young*, 895 F.3d at 831-32.

Like Young, Jones does not provide direct evidence that the Board considered his race in not voting to recommend clemency. Jones' case is similarly based on circumstantial evidence. Importantly, Jones does not discuss differences between his case and Whitaker's. Whitaker did not have a lengthy criminal history. In contrast, Jones "was convicted of several offenses as a juvenile, including an assault of two teachers, possession of a handgun, and an assault on another student by setting fire to her hair." *Jones v. State*,

6

119 S.W.3d 766, 780 (Tex. Crim. App. 2003). The jury in Jones' punishment phase heard "evidence of a brutal murder, of multiple assaults, and of gang membership." *Id*. at 781 (Tex. Crim. App. 2003). Critically, Jones confessed in detail to two additional, unrelated murders. *See Jones v. Davis*, 673 F. App'x 369, 371 (5th Cir. 2016). Given the weakness of Jones' showing, stark differences between his case and Whitaker's, and recognizing that clemency is a "prerogative granted to executive authorities," *Cavazos*, 565 U.S. at 9, Jones' allegations about race do not show a likelihood of success on the merits.

Jones has not shown that the other *Nken* factors weigh in his favor. While Jones faces imminent execution, granting a stay would inhibit the State's ability to carry out an otherwise valid sentence and impair the finality of state criminal judgments. *See Hill v. McDonough*, 547 U.S. 573, 584 (2006) (stating that a stay of execution "is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts").

## III.     Conclusion

Discrimination on the basis of race is "odious in all aspects, [but] is especially pernicious in the administration of justice." *Peña-Rodriguez v. Colorado*, 137 S. Ct. 855, 868 (2017) (quoting *Rose v. Mitchell*, 443 U.S. 524 (1979)). While Jones raises troubling allegations, he has not substantiated them and has not met the standards governing whether a stay of execution should issue. The Court, therefore, **denies** Jones' motion for a stay of execution. The Court **grants** Jones' motion to proceed *in forma pauperis*. Jones may file any appeal in this case *in forma pauperis*. As the Court has decided the relevant issues on the day that Jones filed his lawsuit, the Court **grants** Jones' motion to expedite.

Because this lawsuit cannot proceed without a stay of Jones' execution date,

7

dismissal of the action is warranted. *See Young*, 895 F.3d at 831-32; *Bible v. Davis*, 739 F. App'x 766, 773 (5th Cir. 2018). This case is **dismissed with prejudice**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ May 19 _____, 2021.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE